# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Kenneth Depontes,                                    Civil No. 15-519 DWF/JJK

            Petitioner,

v.

                                          **REPORT AND RECOMMENDATION**

Denese Wilson, Warden,

            Respondent.


        This matter is before the Court, Magistrate Judge Jeffrey J. Keyes, on

Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (Doc. No. 1).

The action has been referred to this Court for report and recommendation under

28 U.S.C. § 636 and Local Rule 72.1(a).  Petitioner Kenneth Depontes

("Petitioner" or "Depontes") is a federal prisoner presently incarcerated at the

Federal Correctional Institution at Sandstone, Minnesota.  The prisoner seeks an

order requiring the Bureau of Prisons ("BOP") to give him credit for time spent

serving a state sentence prior to his sentencing on federal charges.  On March 6,

2013, he was given a 80-month federal sentence, and three years supervised

release, on a conviction in the Eastern District of Wisconsin for conspiracy to

manufacture gamma hydroxybutyric acid (GHB).  Based upon the 80-month

sentence, along with credit for his anticipated successful completion of the BOP

Residential Drug Abuse Program ("RDAP"), his projected release date is

December 26, 2017.[1]  The Respondent opposes the petition, asserting that
Depontes's sentence has been lawfully calculated and that he is seeking federal
credit for pre-sentence time spent in state custody for which he is not entitled to
receive a double credit under federal law.

The government expressly acknowledged that the warden is the correctly
named respondent in this action; the court has jurisdiction under 28 U.S.C. §
2241 because the Petitioner is challenging the fact or duration of his detention;
Petitioner has exhausted administrative remedies;[2] and venue is appropriate
because FCI–Sandstone is located in the District of Minnesota.  The Petitioner
submitted a reply to the Respondent's return.

## Background and Claims

Petitioner Kenneth Depontes was on extended supervision by the State of
Wisconsin[3] when a warrant to search his residence in West Allis, Wisconsin was
executed on December 7, 2011.   Drugs and drug manufacturing paraphernalia
were seized pursuant to the warrant, but the Petitioner was not arrested at that
time.  (Decl. of Patricia Kitka, ¶¶ 3 and 4.)  Depontes was later arrested and

---

[1]  Petitioner has been participating in the BOP drug treatment program and
is eligible for early release under 18 U.S.C. § 3621(e)(2)(B).  (Decl. of Patricia
Kitka, ¶ 22.)  There is no dispute in this case about RDAP good time credit.

[2]  Kitka Decl., ¶ 23.

[3]  *State v. Depontes-Strecok*, Case No. 02CR1344, Milwaukee County
Circuit Court, Milwaukee, Wisconsin.

detained by state authorities on December 19, 2011 for extended supervision release violation. (*Id.,* ¶ 5, Ex. A.)  He was indicted on federal drug charges on January 10, 2012, but he remained in state custody except for one day, January 27, 2012, on which he was produced in federal court pursuant to a Writ of Habeas Corpus *Ad Prosequendum.*  (*Id.,* ¶¶ 6 and *7,* Ex. C.)  Depontes's state supervised release was revoked on May 14, 2012, and he was required to serve the remainder of his Wisconsin state sentence.  He was given credit on the state sentence for time served since December 20, 2011, establishing a projected release date of January 9, 2014, on the state sentence. (*Id.,* ¶ 8, Ex. D.)

Petitioner was again produced in federal court on a  Writ of Habeas Corpus *Ad Prosequendum* on July 26, 2012, and was returned to state custody on August 1, 2012.  (*Id.,* ¶ 9, Ex. E.)  On March 4, 2013, he was brought to federal court on yet another writ, and on March 6, 2013 Depontes was sentenced to an 80-month term pursuant to a plea of guilty in the U.S. District Court for the Eastern District of Wisconsin.  The court expressly ordered that the sentence was "to run concurrent with the balance of the state sentence the defendant is currently serving in Milwaukee County Circuit Court Case #02CF1344."  (*Id.,* ¶¶ 10 and 11, Ex. G, Judgment in a Criminal Case.)

Petitioner was returned to state custody on March 7, 2013, subject to a federal detainer.  (*Id.,* ¶ 12, Ex. H.)  He was paroled on the Wisconsin state sentence on January 7, 2014, at which time he was taken into federal custody by

the U.S. Marshals Service to serve his federal sentence. (*Id.,* ¶ 13, Ex. I and J.)

In its calculation of time to be credited to the federal sentence under Program

Statement 5880.28 and 18 U.S.C. § 3585(b), the BOP determined that the

Petitioner was entitled to credit for one day of prior custody, December 19, 2011,

because he had not received credit on his state sentence. (*Id.,* ¶ 18, Ex. L.)   He

was denied credit on his federal sentence from the time between December 20,

2011, through March 5, 2013, because that time had been credited to the state

sentence. (*Id.,* ¶ 13, Ex. I and J.)

It is Petitioner's sole claim in his Petition that he is entitled to additional

credit on his federal sentence for the 14 months and 18 days from December 20,

2011, through March 5, 2013, based on the federal sentencing court's order that

his federal sentence was to run concurrent with the Wisconsin state sentence he

was already serving and receiving state credit as of December 20, 2011.  The

government asserts that the petitioner is not entitled to federal credit for any time

prior to his federal sentencing, apart from the one day that has already been

allowed, because under 18 U.S.C. § 3585(b)[4] he is not entitled to credit for time

---

[4] 18 U.S.C. § 3585(b) states:

A defendant shall be given credit toward the service of a term of
imprisonment for any time he has spent in official detention prior to the date
the sentence commences—

(1) as a result of the offense for which the sentence was imposed;
or
(2) as a result of any other charge for which the defendant was

prior to his federal sentencing which was applied to his state sentence.

Respondent also affirmatively argues that sentencing credit allowances under

*Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993) or *Willis v. United States*, 438

F.2d 923 (5th Cir. 1971) are not implicated in this case because Depontes is

claiming credit for time served on a state sentence rather than prior federal pre-

sentence custody credits.  In his reply brief the Petitioner does not assert that

*Kayfez* or *Willis* have any application in this case, but he contends that he should

be granted relief by this Court by way of *nunc pro tunc* designation, based on the

ruling in *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990) (holding that the BOP

has discretion to grant concurrent sentence credit by *nunc pro tunc* designation

where the federal sentencing court was silent on whether a federal sentence was

being served while the prisoner was incarcerated in a state facility).

## Analysis

Pursuant to 18 U.S.C. § 3585(b), a federal defendant is not entitled to

credit for detention time that has been credited to another sentence.

Consequently, a defendant cannot be awarded double sentencing credit for the

same time period.  *United States v. Kramer*, 12 F.3d 130, 132 (8th Cir. 1993);

*Singleton v. Hollingsworth*, 2006 WL 2067761 (D. Minn., July 24, 2006) (citing

---

arrested after the commission of the offense for which the sentence
was imposed;

that has not been credited against another sentence.

*United States v. Wilson*, 503 U.S. 329, 337 (1992)).  Here, Depontes was
transferred to federal custody on January 7, 2014, pursuant to a federal detainer
after being placed on parole on a state sentencing.  He makes no assertion that
he was not given credit on both state and federal sentences from the date of
federal sentencing, March 6, 2013, until he was paroled on the state sentence
and placed into primary federal custody on January 7, 2014.  The federal
sentencing judge can order that the prisoner be awarded credit on a federal
sentence for time served on a state sentence when the two sentences are served
at the same time and the federal sentencing judge has ordered that the two
sentences run concurrently.  *Singleton v. Hollingsworth*, 2006 WL 2067761 at *1
However, the court cannot contravene the statutory directives of 18 U.S.C. §
3585(b) as assigned to the BOP and therefore cannot order that the defendant
receive credit toward his federal sentence for time already served on the state
sentence.  *Id.* at *5.

    In the initial request for informal resolution seeking administrative remedy
on his sentencing computation claim (Pet., Attach. at 1), Petitioner asserted that
the federal sentencing judge ordered that the federal sentence be served
concurrent with the state sentence, and he should therefore be given credit for an
additional 14 months and 18 days which were served prior to the federal
sentencing date, commencing December 20, 2011.  The request was denied
because credit had already been applied to the state sentence. (*Id.*)  A

subsequent formal request for administrative remedy at the institution level stated the claim in essentially the same way (*Id.*, Attach. at 2.), and was denied for the same reason.  (*Id.*, Attach. at 3.)  Petitioner again stated the same claim in his Regional Administrative Remedy Appeal.  (*Id.*, Attach. at 4.) The Regional Office also denied the appeal, but identified the requested relief as a claim for *nunc pro tunc* designation pursuant to *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990). (*Id.*, Attach. at 5.)  Finally, the same appeal claim was presented in a Central Office Administrative Remedy Appeal (*Id.*, Attach. at 6.)  The Central Office denied the appeal with the comment that Depontes had received a *nunc pro tunc* designation commencing with the day the federal sentence was imposed, March 6, 2013.  (*Id.*, Attach. at 7.)

Petitioner has reiterated his same claim in the initial habeas petition (Doc. No. 1), but he now makes the additional assertion that he should be granted concurrent sentencing by way of *nunc pro tunc* designation based on *Barden v. Keohane*, 921 F.2d 476.  (Reply at 3-4.)   In *Keohane* the court stated that the BOP has the authority to make a *nunc pro tunc*, *i.e.,* "now for then," designation, and has an obligation to review such a request, though the manner in which the authority is exercised is discretionary.  *Barden v. Keohane*, 921 F.2d at 478. Petitioner argues that the BOP has not considered appropriate factors in the exercise of such discretion, such as the nature of the crime, the prisoner's conduct in custody, and BOP practice in deciding whether a prisoner should be

7

granted relief from strict enforcement of a sentence.  *Id.*

Petitioner's latest contention regarding the application of a *nunc pro tunc* designation pursuant to *Barden v. Keohane* is entirely inapplicable in this case. Depontes was correctly advised in the Central Office response to his administrative appeal that he had received a *nunc pro tunc* designation which allowed the commencement of his federal sentence on March 6, 2014, even though he was still incarcerated in a state facility pursuant to a prior state sentence.  Such designation was entirely appropriate because the federal court ordered that the federal sentence be served concurrent to the balance of the state sentence.  Petitioner does not dispute that portion of the concurrent sentences, but contends that the BOP must consider whether the federal sentence can extend back to the date on which he was detained by the State of Wisconsin.

The time span for which Petitioner seeks additional concurrent sentence credit is state sentence time which is not subject to the decision in *Barden v. Keohane* or any other case referenced by the Petitioner.  Under the plain language of 18 U.S.C. § 3585(b) the Petitioner is not entitled to credit for any time during which he was detained prior to the date on which the federal sentence was imposed.  *Singleton v. Hollingsworth*, 2006 WL 2067761 at *4.  Allowance of additional concurrent sentencing as requested by Petitioner would constitute double credit for detention time that is prohibited under 18 U.S.C. § 3585(b).  *Id.*

(citing *United States v. Wilson*, 503 U.S. 329, 337 and *United States v. Keifer*, 20 F.3d 874, 875-76 (8th Cir. 1994)).  As previously stated, the federal sentencing judge can order that the prisoner be awarded credit on a federal sentence for time served on a state sentence when the two sentences are served at the same time and the federal sentencing judge has ordered that the two sentences run concurrently.  *Id.* at *1.  But, the court cannot contravene the statutory directives of 18 U.S.C. § 3585(b) as assigned to the BOP and therefore cannot order that the defendant receive credit toward his federal sentence for time already served on the Wisconsin state sentence.  *Id.* at *5.  Furthermore, Petitioner's federal sentence as currently calculated is entirely consistent with the federal sentencing court's statement that the sentence was "to run concurrent with the <u>balance</u> of the state sentence the defendant is currently serving in Milwaukee County Circuit Court Case #02CF1344."  (emphasis added) (Kitka Decl., Ex. G, Judgment in a Criminal Case.)

Based upon the foregoing discussion, along with the Petition, memoranda, declarations, and exhibits, this Court makes the following:

## RECOMMENDATION

It is **Hereby Recommended** that Petitioner Kenneth Depontes's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED** (Doc. No. 1) and that this action be **DISMISSED** with prejudice.

Dated:   June 1, 2015


 s/ *Jeffrey J. Keyes*
Jeffrey J. Keyes
United States Magistrate Judge


        Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by June 15, 2015, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.